Allison BASS et al., Plaintiffs—
Appellants,

v.

**THE COUNTY OF BUTTE et al.,
Defendants—Appellees.**

John Muldown, Plaintiff—Appellant,

v.

The County of Butte et al.,
Defendants—Appellees.

Nos. 04–16705, 04–17286.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2006.

Filed Aug. 15, 2006.

---

4. Fed.R.Evid. 408.

See also 458 F.3d 978.

Lynn Hubbard, III, Scottlynn J. Hubbard, IV, Esq., Law Offices of Lynn Hubbard, III, Chico, CA, for Plaintiffs–Appellants.

Gregory P. Einhorn, Esq., Chico, CA, Bruce S. Alpert, Esq., Oroville, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,* Senior District Judge.

MEMORANDUM **

Plaintiffs Allison Bass, Thomas Parks, and John Muldown filed disability-based employment discrimination claims against Defendant County of Butte alleging violations of federal and state laws. The district court granted summary judgment in favor of Defendant on all claims. On de

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

novo review, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), we affirm.

1. Plaintiffs brought claims of employment discrimination under California's Unruh Civil Rights Act, Cal. Civ.Code § 51, and Disabled Persons Act, Cal. Civ.Code §§ 54, 54.1. We have addressed those claims in a separate published opinion, filed this date.

2. Plaintiffs also brought claims directly under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213. Defendant argued in support of summary judgment that Plaintiffs' claims under the ADA were foreclosed because none of the Plaintiffs qualified for accommodations. We agree. To qualify for accommodation, a claimant must meet the statutory definition of "disabled" and be a "qualified individual[ ] with a disability." 42 U.S.C. §§ 12102(2), 12111(8), 12112(b)(5)(A).

The ADA defines "disability," in part, as "(A) a physical or mental impairment that *substantially limits* one or more of the major life activities of such individual." *Id.* § 12102(2) (emphasis added). Plaintiffs Parks and Muldown concede that neither has an impairment that *substantially* limits his activities. Both argue that they qualify as disabled because Defendant "regarded [them] as having such an impairment." *Id.* § 12102(2)(C). In *Kaplan v. City of N. Las Vegas,* 323 F.3d 1226, 1232–33 (9th Cir.2003), however, we held that "there is no duty to accommodate an employee in an 'as regarded' case" under the ADA.

The medical evidence in this case included an opinion by Plaintiff Bass' examining physician that Bass was incapable of any employment even with accommoda-tion. The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Therefore, Bass is not "qualified" within the meaning of the statute.

3. Finally, Plaintiffs argued that Defendant violated the ADA by employing a de facto policy of "transferring out" disabled employees. There is insufficient evidence to demonstrate a genuine issue of material fact on that claim.

AFFIRMED.